

**NUMBER 13-10-00669-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

| | |
|---|---|
| **U.S. LAWNS, INC.,** | **Appellant,** |

**v.**

| | |
|---|---|
| **RODOLFO LUIS CASTILLO JR.** **AND YADIRA IVETTE ARROYO,** | **Appellees.** |

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

**O P I N I O N**

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Opinion by Chief Justice Valdez**

Appellant, U.S. Lawns, Inc. ("U.S. Lawns"), filed an interlocutory appeal from an order denying its motion to compel arbitration with appellees, Rodolfo Castillo Jr. and Yadira Ivette Arroyo. By one issue, U.S. Lawns contends that the trial court erred in

denying its motion because Castillo was bound to an arbitration agreement between U.S. Lawns and Castillo's employer. We affirm.

## I. BACKGROUND

On July 31, 2008, Castillo was injured while employed with Blue Green Services, L.P. Castillo was using a "zero radius turn" lawnmower on a steep embankment when he lost control of it. The lawnmower slid down the embankment into a cement ditch and landed on top of him. Castillo suffered severe neurological injuries and is now a paraplegic.

On February 11, 2009, appellees filed suit for personal injuries and loss of consortium against Exmark Manufacturing Company, Inc., the Toro Company, and the Young Men's Christian Association (YMCA) of the Greater Houston Area.[1] On March 30, 2010, appellees filed an amended petition naming U.S. Lawns as an additional party. U.S. Lawns responded to appellees' amended petition with a motion to transfer venue, original answer, and jury demand with jury fees enclosed. The jury trial was set for December 6, 2010.

On October 5, 2010, U.S. Lawns filed a motion to compel binding arbitration and to dismiss appellees' petition, claiming an arbitration agreement existed with Castillo. Appellees filed a response to the motion to compel arbitration, contending that there was not a valid arbitration agreement and that U.S. Lawns had waived arbitration. After conducting a hearing on November 18, 2010, the trial court denied U.S. Lawns's motion to compel arbitration. This interlocutory appeal followed.[2]

---

[1] Exmark Manufacturing Company, Inc., the Toro Company, and the Young Men's Christian Association of the Greater Houston Area, and Blue Green Services are not parties to this appeal.

[2] Section 51.016 of the civil practice and remedies code permits courts to review orders denying a

2

## II.     STANDARD OF REVIEW

We review the denial of a motion to compel arbitration under the Federal Arbitration Act for an abuse of discretion. *Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 862–63 (Tex. App.—Dallas 2010, no pet.); *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex. 2006) (orig. proceeding). A trial court abuses its discretion when it acts arbitrarily or unreasonably and without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## III.     WAIVER ON APPEAL

Appellees claim that the trial court could have denied U.S. Lawns's motion to compel arbitration on a ground that U.S. Lawns has not challenged on appeal. Therefore, appellees argue that we may affirm the trial court's judgment on that unchallenged ground. Specifically, appellees assert that the trial court could have denied U.S. Lawns's motion to compel arbitration because U.S. Lawns waived its right to arbitration by substantially invoking the judicial process, which resulted in prejudice to appellees. *See Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008) ("[A] party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice.").

### A.     Applicable Law

An appellant's brief "must state concisely all issues or points presented" for appellate review. TEX. R. APP. P. 38.1(d). A point or statement of an issue is treated as

---

motion to compel arbitration subject to the Federal Arbitration Act (FAA) by interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2010). Both parties agree that this case is governed by the FAA.

3

"covering every subsidiary question" that is reasonably included. *Id.* However, "the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error." *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (citing *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990); *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990)). Moreover, "[g]rounds of error not asserted by points of error are considered waived on appeal." *Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 395 (Tex. 1991) (stating that the appellant could not challenge a trial court's general judgment notwithstanding the verdict on grounds that the appellant did not advance in his brief to the court of appeals); *Garcia v. Barreiro*, 115 S.W.3d 271, 273 n.2 (Tex. App.—Corpus Christi 2003, no pet.) (concluding that the appellants waived their requests for the reversal of the trial court's orders granting the appellees' motions for summary judgment and the trial court's order denying appellants' motion for new trial because they failed to raise points of error or assert arguments concerning those issues).

An appellant must challenge each independent ground that may support an adverse ruling. *Fox v. Maguire*, 224 S.W.3d 304, 307 (Tex. App.—El Paso 2005, pet. denied) (applying this rule in a case involving a plea to the jurisdiction); *Inscore v. Karnes County Sav. & Loan Ass'n*, 787 S.W.2d 183, 184 (Tex. App.—Corpus Christi 1990, no writ) ("Where a judgment may rest upon more than one ground, the party aggrieved by the judgment must assign error to each ground or the trial court's judgment will be affirmed on the ground to which no error was assigned. In such situations, it is said that appellants have waived their right to complain of the ruling to which no error was assigned."). If the appellant fails to challenge all possible grounds,

4

we must affirm the judgment on the unchallenged ground. *Fox*, 224 S.W.3d at 307; *Inscore*, 787 S.W.2d at 184.

**B.      Discussion**

U.S. Lawns argues that this Court may not affirm the trial court's "order on the independent ground proffered by [appellees]" because:  (1) the order from the trial court was not a "general" order; (2) summary judgment rules do not apply to motions to compel arbitration; and (3) even if the order was a general order, the waiver of arbitration issue needs to succeed on the merits.

1.      "General" Order

First, U.S. Lawns argues that even though the trial court did not specify the basis for its denial of its motion, the order was not a "general" order.  Additionally, U.S. Lawns states that because appellees did not "present, advance, reference or, even mention [their] waiver [of arbitration] argument during the entire hearing," appellees' "suggestion that the trial court could have based its decision on the waiver argument is not correct and [is] unsupported."  Thus, without citation to any authority, U.S. Lawns invites us to rely only on the reporter's record of the hearing on its motion to compel arbitration to determine the ground or grounds that the trial court considered in denying its motion to compel arbitration.  We decline to do so.

Here, the trial court recited in its order that it denied U.S. Lawns's motion to compel arbitration "[a]fter considering [U.S. Lawns's] [m]otion . . ., the response, and arguments of counsel, and after a hearing on the application . . . ."  We may not ignore this recitals in the trial court's order, and we may not simply refer to the trial court's oral pronouncements in the reporter's record.  *See Capital Fin. & Commerce AG v. Sinopec*

5

*Overseas Oil & Gas, Ltd.*, 260 S.W.3d 67, 84 n.21 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Recitals in a judgment or signed order of the court thus control over conflicting recitals in the record."); *Harrington v. Harrington*, 742 S.W.2d 722, 724 (Tex. App.—Houston [1st Dist.] 1987, no writ); *see also Pisharodi v. Six*, No. 13-07-019-CV, 2008 Tex. App. LEXIS 5987, at **9–10 (Tex. App.—Corpus Christi Aug. 7, 2008, no pet.) (mem. op.) (refusing "to surmise about the reasoning behind the trial court's general order granting summary judgment" and determining that we must only "look to the order granting summary judgment to determine the trial court's reasons for ruling" and that "the trial court indicated in its order that it considered the motion and the supplements" when it stated that the trial court considered the "Defendants' Motion for Summary Judgment and Exhibits, all responses, replies, and supplements thereto"). Moreover, we may not remove U.S. Lawns's burden of attacking each of the possible grounds for the trial court's denial of its motion to compel arbitration by simply referencing the trial court's oral pronouncements at the motion to compel arbitration hearing, and we may not assume that the trial court did not consider all of the grounds asserted in appellees' response to U.S. Lawns's motion. *See Strather v. Dolgencorp of Tex., Inc.*, 96 S.W.3d 420, 422–23 (Tex. App.—Texarkana 2002, no pet.) (explaining that the appellate court may not speculate on the trial court's reasons for granting summary judgment and that to do so, the appellate court would be improperly placing itself in the trial court's role). Therefore, we conclude that because the trial court did not specify in its order its reason for denying U.S. Lawns's motion, the trial court's order is a general order.[3] *See Lang v.*

---

[3] We note that at the hearing on U.S. Lawns's motion to compel arbitration, U.S. Lawns argued to the trial court, "They're [appellees] also going to argue that I waived this motion because of significant work has been done in discovery. There is no case law supporting that. There was a summary judgment filed but it was filed the day after this motion and it was filed subject to this motion. So any argument that

*City of Nacogdoches*, 942 S.W.2d 752, 767–68 (Tex. App.—Tyler 1997, writ denied) ("[W]hen the trial court does not specify the specific grounds upon which it granted summary judgment, it is presumed that judgment was granted on all grounds raised by the moving party and it is then the burden of the non-moving party to show that each independent argument alleged in the motion was insufficient to support the trial court's order.") (citing *Ins. Co. of N. Am. v. Sec. Ins. Co.*, 790 S.W.2d 407, 410 (Tex. App.—Houston [1st Dist.] 1990, no writ)). Accordingly, U.S. Lawns was required on appeal to attack each possible ground for the trial court's denial of its motion. *See id.*

2. Addressing Unchallenged Grounds

Second, U.S. Lawns argues that it should not have to address each ground asserted by appellees for denying its motion because the rule requiring a party to challenge alternative grounds on appeal only applies to summary judgments. Again, without citation to authority, U.S. Lawns states that "[a]pplying the rule does not make sense in the context of a movant's appeal of an order denying arbitration because doing so causes substantial discord with this State's strong presumption and policy favoring arbitration." Further, although U.S. Lawns recognizes that this Court has discussed the application of summary judgment rules regarding alternative grounds in the context of a motion to compel arbitration, U.S. Lawns claims that neither it nor appellees have found "any case applying this principle in the present context [and] [t]his Court should not be the first to do so."

---

they put forth that I waived it, I do not agree with them and it is just simply not supported by the case law." Therefore, at the hearing, U.S. Lawns acknowledged that appellees had in fact raised a waiver of arbitration argument to the trial court.

As we stated in *In re Int'l Bank of Commerce*—a case involving a trial court's ruling on a motion to compel arbitration—when the trial court has not stated the grounds for its ruling, "the appellant is required to attack all possible grounds for the order or judgment or risk waiver of its complaints." No. 13-07-693-CV, 2008 Tex. App. LEXIS 519, **41–42 (Tex. App.—Corpus Christi Jan. 18, 2008, pet. struck, original proceeding). In *In re Brock Specialty Servs., Ltd.*, we explained that in arbitration cases where the trial court specifies its reason for its ruling, we apply summary judgment rules, and we stated, "we see no reason why [that reasoning] should not apply in the context of our interlocutory review of arbitration orders." 286 S.W.3d 649, 656–57 (Tex. App.—Corpus Christi 2009, no pet.).

In this case, the trial court did not state its grounds for its order, and appellees asserted two possible grounds supporting the denial of U.S. Lawns's motion to compel arbitration. Therefore, we will follow the logic in *In re Int'l Bank of Commerce* and *In re Brock Specialty Servs., Ltd,* and we cannot agree with U.S. Lawns's assertion that on appeal, it is not required to challenge all grounds supporting the trial court's denial of its motion to compel arbitration. *See Fort. Bend County Drainage Dist.*, 818 S.W.2d at 395; *Garcia*, 115 S.W.3d at 273 n.2; *Fox*, 224 S.W.3d at 307; *Inscore*, 787 S.W.2d at 184. Accordingly, U.S. Lawns was required to attack all possible grounds supporting the trial court's order or risk waiver of its complaints. *See* 2008 Tex. App. LEXIS 519, **41–42.

3.     Merits of Unchallenged Grounds

Finally, U.S. Lawns argues in its reply to appellees' brief that "independent alternate grounds, must be legally meritorious and supported in the record." Therefore,

8

it appears that U.S. Lawns urges this Court to determine the merits of a ground not challenged in its original brief. We decline to do so.

"It is well-settled that [r]ule 38.3 of the Texas Rules of Appellate Procedure does not allow an appellant to include in a reply brief a new issue in response to a matter pointed out in appellee's brief but not raised by the appellant's original brief." *In re TCW Global Project Fund II, Ltd.*, 274 S.W.3d 166, 171 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (citing *Dallas County v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App—Dallas 2006, pet. denied); *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied); *In re M.D.H.*, 139 S.W.3d 315, 318 (Tex. App.—Fort Worth 2004, pet. denied); *Barrios v. State*, 27 S.W.3d 313, 322 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd)); *see* TEX. R. APP. P. 38.3. Here, in its original brief, U.S. Lawns did not challenge all possible grounds on which the trial court could have based its denial of the motion to compel arbitration. By attacking the merits of the unchallenged ground in its reply brief, U.S. Lawns is attempting to circumvent the briefing rules.

Because U.S. Lawns has failed to challenge in its original brief, a ground that may have been the basis for the trial court's denial of U.S. Lawns's motion to compel arbitration—whether U.S. Lawns waived its right to arbitration—that issue has been waived on appeal. *See In re TCW Global Project Fund II, Ltd.*, 274 S.W.3d at 171. Moreover, because the trial court's judgment in this case can rest on more than one ground and U.S. Lawns has not challenged each of those grounds, we may affirm the trial court's judgment on the ground to which no error was assigned. *Fox*, 224 S.W.3d at 307; *Inscore*, 787 S.W.2d at 184. We therefore conclude that the trial court did not

9

err in denying U.S. Lawns's motion to compel arbitration.  We overrule U.S. Lawns's sole issue.

## IV.  CONCLUSION

Accordingly, we affirm the trial court's order denying U.S. Lawns's motion to compel arbitration.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
28th day of July, 2011.