ACCEPTED
13-15-00260-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/16/2015 3:01:20 PM
Dorian E. Ramirez
CLERK

**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

11/16/15

**DORIAN E. RAMIREZ, CLERK**
**BY** Delia S. Rodriguez

No. 13-15-00260-CV

Court of Appeals, Thirteenth District
Corpus Christi – Edinburg, Texas

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

11/16/2015 3:01:20 PM

DORIAN E. RAMIREZ
Clerk

R.E. Cardenas a.k.a. Ricardo Evaristo Cardenas a.k.a. Rick Cardenas

*Appellant*

vs.

Nancy Crockett

*Appellee*

Appeal from the 197th Judicial District Court, Cameron County, Texas
Cause No. 2014-DCL-01833-C

## SUR-REPLY BRIEF OF APPELLEE

**J. Joseph Vale**
State Bar No. 24084003
jvale@atlashall.com
**Dan K. Worthington**
State Bar No. 00785282
dkw@atlashall.com
**Sarah A. Nicolas**
State Bar No. 24013543
snicolas@atlashall.com
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan/P.O. Box 3725
McAllen, Texas 78501
(956) 682-5501 (phone)
(956) 686-6109 (facsimile)

**Jason R. Mann**
State Bar No. 24004793
jmann@thelawmann.com
1309 N. Stuart Place Road,
Suite A
Harlingen, Texas 78552
(956) 428-4114 (phone)
(956) 428-9494 (facsimile)

Attorneys for Appellee Nancy Crockett

November 16, 2015

**Table of Contents**

Index of Authorities ..............................................................................................3

Summary of Sur-Reply ........................................................................................5

Argument..............................................................................................................6

     I.     The Court should disregard Cardenas's new consideration theory as waived. ......................................................................................6

     II.    Cardenas's new consideration theory fails as a matter of law. .............7

Prayer ................................................................................................................10

Certificate of Rule 9.4(i) Compliance...............................................................11

Certificate of Service .........................................................................................12

Appendices.........................................................................................................13

## Index of Authorities

<u>Cases</u>
*DeWolf v. Kohler*,
  452 S.W.3d 373 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ......................6

*H.S.M. Acquisitions, Inc. v. West*,
  917 S.W.2d 872 (Tex. App.—Corpus Christi 1996, writ denied) .....................7–8

*Powerhouse Prods., Inc. v. Scott*,
  260 S.W.3d 693 (Tex. App.—Dallas 2008, no pet.) ...............................................9

*Roark v. Stallworth Oil & Gas, Inc.*,
  813 S.W.2d 492 (Tex. 1991) ...............................................................................8–9

*U.S. Lawns, Inc. v. Castillo*,
  347 S.W.3d 844 (Tex. App.—Corpus Christi 2011, pet. denied) ..........................6


<u>Statutes</u>
TEX. R. APP. P. 38 ..................................................................................................6

TEX. R. CIV. P. 166a ..............................................................................................7

No. 13-15-00260-CV

Court of Appeals, Thirteenth District
Corpus Christi – Edinburg, Texas

---

R.E. Cardenas a.k.a. Ricardo Evaristo Cardenas a.k.a. Rick Cardenas
*Appellant*

vs.

Nancy Crockett
*Appellee*

---

Appeal from the 197th Judicial District Court, Cameron County, Texas
Cause No. 2014-DCL-01833-C

---

### SUR-REPLY BRIEF OF APPELLEE

Since the Texas Rules of Appellate Procedure do not provide for sur-reply briefs, Appellee Nancy Crockett files this Brief with a motion seeking leave for filing. Parties will be referred to as in the trial court or by name. References to the Clerk's Record will be to C.R. at {page}. Appendices will be to App. Tab {letter}. Exhibits will be referred to as follows:

|  |  |
|---|---|
| Plaintiff's Exhibit: | Pl.'s Ex. {letter} |
| Defendant's Exhibit: | Def.'s Ex. {number} |

**Summary of Sur-Reply**

Crockett files this sur-reply to address Cardenas's improperly raised argument in his reply brief contending that McCullough's alleged decision to represent Crockett (and not Cardenas) was consideration supporting Crockett's extension. This argument is not properly before this Court, and this Court should disregard it. Cardenas waived this argument by not raising it in his initial brief. Moreover, he did not assert this argument in summary judgment. *See* Argument § I. Alternatively, this Court should reject this argument as a matter of law. Cardenas relies on evidence not in the summary judgment record, and the summary judgment evidence establishes that McCullough's alleged decision to represent only Crockett was not part of a present exchange bargained for in return for Crockett's decision to extend the acceptance deadline. Thus, McCullough's alleged decision cannot be consideration for the extension. *See* Argument § II.

Crockett stands on her initial brief and summary judgment briefing on all other grounds. Because no contract exists between the parties as a matter of law, the trial court should be affirmed.

**Argument**

## I. The Court should disregard Cardenas's new consideration theory as waived.

Crockett files this sur-reply brief in response to Cardenas's improperly raised consideration theory concerning attorney Gene McCullough's alleged decision to represent Crockett in the negotiations for the sale of the property rather than representing both parties as he allegedly had done previously. Cardenas asserted this argument for the first time in this appeal in his reply brief. *See* Appellant's Reply Br. 4–5. The Court should disregard this argument as waived for two independent reasons.

*First*, Cardenas waived the argument by not presenting it in his opening brief. *See U.S. Lawns, Inc. v. Castillo*, 347 S.W.3d 844, 849 (Tex. App.—Corpus Christi 2011, pet. denied) (holding that appellants waive arguments raised for the first time in a reply brief (citing TEX. R. APP. P. 38.3 (App. Tab A))); *see also DeWolf v. Kohler*, 452 S.W.3d 373, 388 n.13 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (finding waiver where appellant pointed to evidence allegedly creating fact issue for first time in reply brief). Cardenas's opening brief challenged whether Crockett established as a matter of law that no consideration supported Crockett's extension. Appellant's Br. 6–8. He did not assert any theory for how the extension might be supported by consideration but relied instead on an argument that Crockett lacked evidence showing lack of consideration. *Id.*

6

Cardenas cannot now assert that evidence showing consideration exists, and this Court should disregard this theory as waived.

*Second*, Cardenas waived the argument by not presenting it in response to Crockett's motion for summary judgment. As discussed in Crockett's Brief of Appellee, Cardenas had the burden to assert his option contract theory in response to Crockett's motion for summary judgment, and any theory raised for the first time in his supplemental motion for new trial is not preserved for appeal. *See* Appellee's Br. 26–28, 35–37; *see also* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Cardenas failed to raise this theory in summary judgment, and as a result, this theory is not properly before the Court. Thus, the Court should disregard this theory.

## II.    Cardenas's new consideration theory fails as a matter of law.

Cardenas's new theory relies on evidence that is not in the summary judgment record and instead cites to an exhibit attached to Cardenas's untimely supplemental motion for new trial. *See* Appellant's Reply Br. 4 (citing C.R. at 159–161 (Pl.'s Ex. 1A to Suppl. Mot. for New Trial)); *see also* Appellee's Br. 17–18 (describing untimely supplemental motion for new trial). This evidence is outside the scope of summary judgment and is thus not part of this Court's review. *See H.S.M. Acquisitions, Inc. v. West*, 917 S.W.2d 872, 878 (Tex. App.—Corpus

7

Christi 1996, writ denied) (explaining that appellate court reviewing summary judgment "may consider the record only as it existed at the time the summary judgment was signed").

Additionally, however, there is no summary judgment evidence even suggesting that McCullough's alleged decision to represent only Crockett was made in a present exchange bargained for in return for Crockett's decision to extend the deadline. The summary judgment evidence shows that Crockett's attorney tendered the offer of sale to Cardenas's attorney Jeffrey G. Mathews on March 5, 2014. C.R. at 40 (Def.'s Ex. 1). At that time, Cardenas was *already represented by Matthews*, and McCullough represented Crockett. *See id.* Matthews responded that same day on Cardenas's behalf and asked whether the deadline to accept was concrete or negotiable, and it was in response to that question that Crockett decided to extend the deadline the next morning. *See* C.R. at 52 (Def.'s Ex. 2), 64 (Def.'s Ex. 3). As a matter of law, Cardenas's alleged consideration—*i.e.*, McCullough's alleged decision to represent only Crockett— could not be consideration for Crockett's decision to extend the deadline. McCullough's alleged decision to represent only Crockett was not part of a "present exchange" bargained for in return for Crockett's decision to extend the acceptance deadline. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991) (defining consideration as "a *present exchange* bargained for in

8

return for a promise" (emphasis added)). To the contrary, Crockett's decision to extend came sometime *after* McCullough allegedly decided to represent Crockett only: in fact, sufficient time had passed for Cardenas to find another attorney, Mathews. McCullough's decision cannot be consideration supporting Crockett's *subsequent* decision to extend the deadline. *See Powerhouse Prods., Inc. v. Scott*, 260 S.W.3d 693, 697 (Tex. App.—Dallas 2008, no pet.) (holding that acts taken prior to agreement cannot be consideration for the agreement because "past consideration is not competent consideration for contract formation").

Therefore, Cardenas's new consideration theory in his reply brief is negated by the summary judgment evidence. To the extent the Court reaches his theory, it should be rejected as a matter of law.

**Prayer**

For the foregoing reasons and the reasons stated in her Brief of Appellee and summary judgment briefing, Nancy Crockett requests that this Court affirm the trial court's judgment.

Respectfully submitted,

/s/ J. Joseph Vale

| | |
|---|---|
| **J. Joseph Vale** | **Jason R. Mann** |
| State Bar No. 24084003 | State Bar No. 24004793 |
| jvale@atlashall.com | jmann@thelawmann.com |
| **Dan K. Worthington** | 1309 N. Stuart Place Road, |
| State Bar No. 00785282 | Suite A |
| dkw@atlashall.com | Harlingen, Texas 78552 |
| **Sarah A. Nicolas** | (956) 428-4114 (phone) |
| State Bar No. 24013543 | (956) 428-9494 (facsimile) |
| snicolas@atlashall.com | |
| **ATLAS, HALL & RODRIGUEZ, LLP** | |
| 818 Pecan/P.O. Box 3725 | |
| McAllen, Texas 78501 | |
| (956) 682-5501 (phone) | |
| (956) 686-6109 (facsimile) | |

Attorneys for Nancy Crockett

**Certificate of Rule 9.4(i) Compliance**

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this Sur-Reply Brief of Appellee, excluding those matters listed in Rule 9.4(i)(1), is 1,110 words per the word processing program used for its preparation (Microsoft Word).

/s/ J. Joseph Vale
J. Joseph Vale

## Certificate of Service

I certify that the foregoing document was electronically filed with the Clerk of the Court using the electronic case filing system of the Court. I also certify that a true and correct copy of the foregoing was served on the following counsel of record on November 16, 2015 as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| Joe Hernandez (jhernandez@guerraleeds.com) **GUERRA, LEEDS, SABO & HERNANDEZ, P.L.L.C.** 1534 E. 6th Street, Suite 200 Brownsville, Texas 78520 Facsimile: (956) 541-1893 *and* Richard E. Zayas (lawfirm3100@yahoo.com) **ZAYAS & HERNANDEZ** 950 E. Van Buren St. Brownsville, Texas 78520 Facsimile: (956) 546-5067 | Appellant, R.E. Cardenas | Electronically if available, or by facsimile |

/s/ J. Joseph Vale
J. Joseph Vale

**Appendices**

| Tab | Document |
| --- | --- |
| A | TEX. R. APP. P. 38 |

TAB A

OF THE APPENDIX

# Tex. R. App. P. Rule 38

This document is current through June 26, 2015

**Texas Court Rules** > **STATE RULES** > **TEXAS RULES OF APPELLATE PROCEDURE** > **SECTION TWO. APPEALS FROM TRIAL COURT JUDGMENTS AND ORDERS**

## Rule 38 Requisites of Briefs

**38.1.** *Appellant's Brief.* --The appellant's brief must, under appropriate headings and in the order here indicated, contain the following:

**(a)** *Identity of Parties and Counsel.* --The brief must give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel, except as otherwise provided in Rule 9.8.

**(b)** *Table of Contents.* --The brief must have a table of contents with references to the pages of the brief. The table of contents must indicate the subject matter of each issue or point, or group of issues or points.

**(c)** *Index of Authorities.* --The brief must have an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited.

**(d)** *Statement of the Case.* --The brief must state concisely the nature of the case (e.g., whether it is a suit for damages, on a note, or involving a murder prosecution), the course of proceedings, and the trial court's disposition of the case. The statement should be supported by record references, should seldom exceed one-half page, and should not discuss the facts.

**(e)** *Any Statement Regarding Oral Argument.* --The brief may include a statement explaining why oral argument should or should not be permitted. Any such statement must not exceed one page and should address how the court's decisional process would, or would not, be aided by oral argument. As required by Rule 39.7, any party requesting oral argument must note that request on the front cover of the party's brief.

**(f)** *Issues Presented.* --The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.

**(g)** *Statement of Facts.* --The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references.

**(h)** *Summary of the Argument.* --The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review.

**(i)** *Argument.* --The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.

**(j)** *Prayer.* --The brief must contain a short conclusion that clearly states the nature of the relief sought.

**(k)** *Appendix in Civil Cases.*

　　**(1)** *Necessary Contents.* --Unless voluminous or impracticable, the appendix must contain a copy of:

　　　　**(A)** the trial court's judgment or other appealable order from which relief is sought;

　　　　**(B)** the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any; and

　　　　**(C)** the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument.

　　**(2)** *Optional Contents.* --The appendix may contain any other item pertinent to the issues or points presented for review, including copies or excerpts of relevant court opinions, laws, documents on which the suit was based, pleadings, excerpts from the reporter's record, and similar material. Items should not be included in the appendix to attempt to avoid the page limits for the brief.

**38.2.** *Appellee's Brief.*

**(a)** *Form of Brief.*

　　**(1)** An appellee's brief must conform to the requirements of Rule 38.1, except that:

　　　　**(A)** the list of parties and counsel is not required unless necessary to supplement or correct the appellant's list;

　　　　**(B)** the appellee's brief need not include a statement of the case, a statement of the issues presented, or a statement of facts, unless the appellee is dissatisfied with that portion of the appellant's brief; and

　　　　**(C)** the appendix to the appellee's brief need not contain any item already contained in an appendix filed by the appellant.

**(2)** When practicable, the appellee's brief should respond to the appellant's issues or points in the order the appellant presented those issues or points.

**(b)** *Cross-Points.*

**(1)** *Judgment Notwithstanding the Verdict.* --When the trial court renders judgment notwithstanding the verdict on one or more questions, the appellee must bring forward by cross-point any issue or point that would have vitiated the verdict or that would have prevented an affirmance of the judgment if the trial court had rendered judgment on the verdict. Failure to bring forward by cross-point an issue or point that would vitiate the verdict or prevent an affirmance of the judgment waives that complaint. Included in this requirement is a point that:

**(A)** the verdict or one or more jury findings have insufficient evidentiary support or are against the overwhelming preponderance of the evidence as a matter of fact; or

**(B)** the verdict should be set aside because of improper argument of counsel.

**(2)** *When Evidentiary Hearing Needed.* --The appellate court must remand a case to the trial court to take evidence if:

**(A)** the appellate court has sustained a point raised by the appellant; and

**(B)** the appellee raised a cross-point that requires the taking of additional evidence.

**38.3.** *Reply Brief.* --The appellant may file a reply brief addressing any matter in the appellee's brief. However, the appellate court may consider and decide the case before a reply brief is filed.

**38.4.** [Deleted by Texas Supreme Court, Misc. Docket No. 12-9190 and Texas Court of Criminal Appeals, Misc. Docket No. 12-001, effective December 1, 2012.]

**38.5.** *Appendix for Cases Recorded Electronically.* --In cases where the proceedings were electronically recorded, the following rules apply:

**(a)** *Appendix.*

**(1)** *In General.* --At or before the time a party's brief is due, the party must file one copy of an appendix containing a transcription of all portions of the recording that the party considers relevant to the appellate issues or points. Unless another party objects, the transcription will be presumed accurate.

**(2)** *Repetition Not Required.* --A party's appendix need not repeat evidence included in any previously filed appendix.

**(3)** *Form.* --The form of the appendix and transcription must conform to any specifications of the Supreme Court and Court of Criminal Appeals concerning the form of the reporter's record except that it need not have the reporter's certificate.

**(4)** *Notice.* --At the time the appendix is filed, the party must give written notice of the filing to all parties to the trial court's judgment or order. The notice must specify, by referring to the index numbers in the court recorder's logs, those parts of the recording that are included in the appendix. The filing party need not serve a copy of the appendix but must make a copy available to all parties for inspection and copying.

**(b)** *Presumptions.* --The same presumptions that apply to a partial reporter's record under Rule 34.6(c)(4) apply to the parties' appendixes. The appellate court need not review any part of the electronic recording.

**(c)** *Supplemental Appendix.* --The appellate court may direct or allow a party to file a supplemental appendix containing a transcription of additional portions of the recording.

**(d)** *Inability to Pay.* --A party who cannot pay the cost of an appendix must file the affidavit provided for by Rule 20. The party must also state in the affidavit or a supplemental affidavit that the party has neither the access to the equipment necessary nor the skill necessary to prepare the appendix. If a contest to the affidavit is not sustained by written order, the court recorder must transcribe or have transcribed those portions of the recording that the party designates and must file the transcription as that party's appendix, along with all exhibits.

**(e)** *Inaccuracies.*

**(1)** *Correction by Agreement.* --The parties may agree to correct an inaccuracy in the transcription of the recording.

**(2)** *Correction by Appellate or Trial Court.* --If the parties dispute whether an electronic recording or transcription accurately discloses what occurred in the trial court but cannot agree on corrections, the appellate court may:

**(A)** settle the dispute by reviewing the recording; or

**(B)** submit the dispute to the trial court, which must - after notice and hearing - settle the dispute and ensure that the recording or transcription is made to conform to what occurred in the trial court.

**(f)** *Costs.* --The actual expense of preparing the appendixes or the amount prescribed for official reporters, whichever is less, is taxed as costs. The

appellate court may disallow the cost of any portion of the appendixes that it considers surplusage or that does not conform to any specifications prescribed by the Supreme Court or Court of Criminal Appeals.

**38.6.** *Time to File Briefs.*

**(a)** *Appellant's Filing Date.*   --Except in a habeas corpus or bail appeal, which is governed by Rule 31, an appellant must file a brief within 30 days - 20 days in an accelerated appeal - after the later of:

**(1)** the date the clerk's record was filed; or

**(2)** the date the reporter's record was filed.

**(b)** *Appellee's Filing Date.*   --The appellee's brief must be filed within 30 days - 20 days in an accelerated appeal - after the date the appellant's brief was filed. In a civil case, if the appellant has not filed a brief as provided in this rule, an appellee may file a brief within 30 days - 20 days in an accelerated appeal - after the date the appellant's brief was due.

**(c)** *Filing Date for Reply Brief.*   --A reply brief, if any, must be filed within 20 days after the date the appellee's brief was filed.

**(d)** *Modifications of Filing Time.*   --On motion complying with Rule 10.5(b), the appellate court may extend the time for filing a brief and may postpone submission of the case. A motion to extend the time to file a brief may be filed before or after the date the brief is due. The court may also, in the interests of justice, shorten the time for filing briefs and for submission of the case.

**38.7.** *Amendment or Supplementation.*   --A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe.

**38.8.** *Failure of Appellant to File Brief.*

**(a)** *Civil Cases.*   --If an appellant fails to timely file a brief, the appellate court may:

**(1)** dismiss the appeal for want of prosecution, unless the appellant reasonably explains the failure and the appellee is not significantly injured by the appellant's failure to timely file a brief;

**(2)** decline to dismiss the appeal and give further direction to the case as it considers proper; or

**(3)** if an appellee's brief is filed, the court may regard that brief as correctly presenting the case and may affirm the trial court's judgment upon that brief without examining the record.

**(b)** *Criminal Cases.*

**(1)  *Effect.*** --An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

**(2)  *Notice.*** --If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

**(3)  *Hearing.*** --In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record - including any order and findings - must be sent to the appellate court.

**(4)  *Appellate Court Action.*** --Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.

**38.9.  *Briefing Rules to be Construed Liberally.*** --Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with this rule is sufficient, subject to the following.

**(a)  *Formal Defects.*** --If the court determines that this rule has been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. If another brief that does not comply with this rule is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief.

**(b)  *Substantive Defects.*** --If the court determines, either before for after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case.

## History

Amended by Texas Supreme Court, Misc. Docket No. 08-9115 and Texas Court of Criminal Appeals, Misc. Docket No. 08-103, effective September 1, 2008; Amended by Texas Supreme Court, Misc. Docket No. 12-9190 and Texas Court of Criminal Appeals, Misc. Docket No. 12-001, effective December 1, 2012.

Texas Rules
Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.