# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00320-CV

---

**Levy Rentals, LLC and Brian Levy, Appellants**

**v.**

**TC&C Investments, LLC, Appellee**

---

### FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY
### NO. 1638-21, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, we affirm the trial court's order denying a motion to abate and compel arbitration filed by Levy Rentals, LLC and Brian Levy (collectively, Levy).

In 2019, Levy negotiated with TC&C Investments, LLC to form a joint venture restaurant and bar business. The parties signed a business operations agreement (BOA), a commercial property lease, and a management services agreement (MSA). After executing the agreements, TC&C sued Levy for, among other claims, (1) breach of contract for allegedly "fail[ing] to be and remain legally organized and operated in a manner consistent with all State and Federal laws as applicable to the Business" and (2) common law fraud based on alleged false representations "[d]uring the pre-contract negotiations."

Levy moved to abate and compel arbitration, relying on a binding arbitration provision in the MSA. Under the following two headers in its response, TC&C argued that two

"state law contract defenses" defeat the arbitration clause: (1) "The Arbitration Clause Itself has been induced by fraud as the Defendants falsely represented their ability to perform their contractual obligations in the [MSA]," and (2) "Failure of consideration." Under the latter header, TC&C argued that Levy "agreed to provide consideration in the form of providing and holding the necessary TABC beer and wine sale permits as required under the [MSA]"; that "the TABC application and permit were so defective, that it made performance of the [MSA] an impossibility"; and that "[t]he failure of this consideration discharges the duty to of [sic] the Plaintiff to submit to arbitration as there is not a valid arbitration agreement upon the failure of said consideration." Alternatively, TC&C requested that the MSA "should be bifurcated from the remaining two agreements as the [BOA] and the Commercial Property Lease do not contain arbitration clauses." At the hearing on the motion, Levy argued that TC&C "is attacking not the arbitration agreement itself but . . . the agreement as a whole" and that "[t]he arbitration agreement itself contains mutuality of obligation and consideration because both parties have agreed to the binding arbitration."

The trial court signed an order denying Levy's motion without specifying the grounds on which it relied. Levy appeals this interlocutory order, raising what it sets forth as a single issue:

> Whether the Doctrine of Separability, in the absence of nefarious activity relating to the provision itself, applies to a valid mandatory arbitration clause contained in an agreement signed by the parties who would be subject to arbitration. If so, whether the District Court abused its discretion in failing to force arbitration when, though Appellee's argued fraud in the underlying agreements, the validity of the arbitration provision itself was never called into question?

In its appellant's brief, Levy argues that "[t]he Separability Doctrine defeats [TC&C]'s *sole defense*—fraud relating to the underlying agreements" and that "[TC&C]'s *sole argument*

2

centers on the assertion that Levy fraudulently induced [TC&C] to enter into the underlying agreements." (Emphases added.) Although Levy's appellate issue and brief discuss TC&C's ground of fraud for denying Levy's motion to abate and compel arbitration, the "failure of consideration" ground is not addressed, as TC&C notes in its appellee's brief. Levy did not file a reply brief in this Court.

"It is well established in Texas that when a trial court issues a ruling adverse to a party without specifying its grounds for doing so, the party on appeal must challenge each independent ground that was asserted by the appellees in the trial court." *RSL Funding, LLC v. Pippins*, 424 S.W.3d 674, 687 n.24 (Tex. App.—Houston [14th Dist.] 2014) (collecting authorities), *aff'd*, 499 S.W.3d 423, 434 (Tex. 2016) (per curiam) (holding that "court of appeals erred by holding RSL waived its right to arbitrate by litigation conduct" but agreeing with court of appeals and affirming "on the alternative basis that RSL did not challenge one ground on which the [county court at law] could have ruled in denying RSL's motion to stay the litigation—RSL failed to join its assignees in the arbitration"). "This proposition is based on the understanding that if an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground," and "[a]s a result, any error in the grounds challenged on appeal is harmless because the unchallenged ground fully supports the ruling or judgment." *The Shops at Legacy (Inland) Ltd. P'ship v. Fine Autographs & Memorabilia Retail Stores, Inc.*, No. 05-14-00889-CV, 2015 WL 2201567, at *2 (Tex. App.—Dallas May 8, 2015, pet. denied) (mem. op.) (citations omitted). Texas courts have applied this principle in appeals from orders denying motions to compel arbitration. *See, e.g.*, *U.S. Lawns, Inc. v. Castillo*, 347 S.W.3d 844, 848–49 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied) (holding that

3

appellant "was required to attack all possible grounds supporting the trial court's order or risk waiver of its complaints" when "appellees asserted two possible grounds supporting denial of [appellant's] motion to compel arbitration"); *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740 (Tex. App.—Dallas 2007, no pet.) (affirming trial court's denial of motion to compel arbitration because appellants did not challenge on appeal all independent grounds supporting trial court's denial).

Applying this principle here, we affirm the trial court's order denying Levy's motion to abate and compel arbitration.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   May 19, 2022