**Affirmed and Memorandum Opinion filed December 5, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00839-CV

---

## BERNARD J. MORELLO, Appellant

### V.

## ENTERPRISE CRUDE PIPELINE, LLC, Appellee

---

**On Appeal from the County Court at Law #4**
**Fort Bend County, Texas**
**Trial Court Cause No. 14-CCV-052822**

---

# MEMORANDUM OPINION

The trial court granted appellee Enterprise Crude Pipeline, LLC's motion for no-evidence summary judgment, in which Enterprise argued that appellant Bernard J. Morello had no evidence of damages in this condemnation proceeding. On appeal, Morello contends that the trial court erred in striking his expert witness and report. Because we conclude that Morello did not challenge all independent grounds that could support the trial court's ruling, we overrule Morello's issues and affirm the trial court's judgment.

## Background

Enterprise, a common carrier, filed an eminent domain suit against Morello. The special commissioners issued an award of $22,820.00 in damages, to which Morello timely objected in the trial court.[1]

On September 26, 2022, the trial court issued a docket control order, requiring the parties to designate all experts and produce all expert reports by October 26, 2022, and to designate all rebuttal experts and produce all rebuttal expert reports by November 29, 2022.

On January 24, 2023, Morello filed a supplemental discovery response, designating James Archibald as an expert. Enterprise moved to strike and exclude Archibald as an expert witness, arguing that (1) Rule of Civil Procedure 193.6 mandates that a witness must be excluded if not timely designated[2] and (2) Archibald's expert opinion on value is unreliable and therefore inadmissible.

---

[1] The procedure for condemning public property is prescribed in sections 21.012 through 21.016 of the Property Code. *See* Tex. Prop. Code § 21.011. If the entity with eminent domain authority cannot agree with the property owner regarding the amount of damages, it must file a petition in the proper court. The judge of the court must then appoint three disinterested real property owners who reside in the county as special commissioners to assess the damages of the property owner. *Id.* § 21.014(a). The special commissioners must conduct a hearing to assess damages. *Id.* § 21.015(a). A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. *Id.* § 21.018(a).

[2] The rule provides:

**(a) Exclusion of evidence and exceptions.** A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

The trial court granted Enterprise's motion to strike in its entirety, struck Morello's designation of Archibald as an expert witness, and excluded all testimony from Archibald and/or all opinions and testimony from any witness based on Archibald's untimely expert report.

Enterprise then moved for no-evidence summary judgment, contending that Morello had no evidence of his damages in the eminent domain proceeding.[3] Morello did not file a response. The trial court granted Enterprise's motion for no-evidence summary judgment.

Morello appeals.

## Analysis

In two related issues, Morello challenges the trial court's ruling striking and excluding Archibald and his expert report. Morello's brief is exclusively focused on the reliability of Archibald's expert opinion because, in Morello's opinion, that is the basis for the trial court's exclusionary ruling, not the untimeliness of Morello's designation:

> While the trial court's ORDER STRIKING AND EXCLUDING Archibald as Morello's expert makes reference to Archibald's "untimely expert report," it is clear that trial court "struck and excluded" Archibald and his Appraisal Report based upon Plaintiff/Enterprise's *Daubert/Robinson* Motion that sought to exclude Archibald's opinion and Appraisal Report of Archibald because his "opinion is unreliable and inadmissible," that the "valuation methodology used by Archibald is improper," and that "Archibald's 'per rod' valuation for a pipeline corridor is improper."

---

    (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

Tex. R. Civ. P. 193.6(a).

[3] *See State v. Walker*, 441 S.W.2d 168, 170 (Tex. 1969) (in condemnation proceeding, the burden of proving damages is the landowner's).

3

We do not agree with Morello's reading of the order. Enterprise moved to exclude Archibald's testimony on two separate and independent bases: (1) procedurally, because it was untimely designated under Rule 193.6; and (2) substantively, because it was unreliable. The trial court's order granting Enterprise's motion "in its entirety" does not specify the ground or grounds on which it ruled.

When a trial court issues an adverse ruling without specifying its grounds for doing so, the appellant must challenge each independent ground asserted by the appellee supporting the adverse ruling because it is presumed that the trial court considered all of the asserted grounds. *See Vo v. Iyer*, No. 14-18-01051-CV, 2020 WL 3698032, at *2 (Tex. App.—Houston [14th Dist.] July 7, 2020, no pet.) (mem. op.); *Buttler v. Sutcliffe*, No. 02-15-00319-CV, 2016 WL 4491224, at *7 (Tex. App.—Fort Worth Aug. 26, 2016, no pet.) (mem. op.); *U.S. Lawns, Inc. v. Castillo*, 347 S.W.3d 844, 846-47 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied). If the appellant fails to challenge all possible grounds, we must accept the validity of the unchallenged grounds and affirm the adverse ruling. *Vo*, 2020 WL 3698032, at *2; *Buttler*, 2016 WL 4491224, at *7; *U.S. Lawns*, 347 S.W.3d at 847; *see also Midway Nat'l Bank v. W. Tex. Wholesale Supply Co.*, 453 S.W.2d 460, 460-61 (Tex. 1970) (per curiam) (affirming judgment where appellant failed to attack independent legal conclusion that "fully supported" judgment).

Morello was required to challenge on appeal each ground asserted by Enterprise in its motion to strike. Because Morello does not challenge both independent grounds that support the trial court's ruling, we cannot say that the trial court abused its discretion by striking and excluding Archibald's expert report and testimony. *See, e.g.*, *Vo*, 2020 WL 3698032, at *2.

Further, Morello does not challenge in any respect Enterprise's motion for no-evidence summary judgment, to which he did not respond. He concedes that, "[w]ith the trial court's striking of Defendant/Morello's expert witness, his opinions and Appraisal Report, Morello was without any expert evidence to proffer to carry his required burden to defeat Plaintiff/Enterprise's No-Evidence Motion for Summary Judgment." We conclude that Morello has not shown reversible error in this appeal. *See Patidar v. Bank of Am., N.A.*, 442 S.W.3d 789, 793 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Generally, a failure to respond to a no-evidence motion is fatal to the nonmovant's ability to assert on appeal that the trial court erred in granting the motion."); Tex. R. Civ. P. 166a(i)) ("[T]he court must grant the motion [for no-evidence summary judgment] unless the respondent produces summary judgment evidence raising a genuine issue of material fact.").

We overrule Morello's two issues.

## Conclusion

We affirm the trial court's judgment.


/s/    Kevin Jewell
       Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.

5