**Opinion issued June 5, 2025.**



In the

# Court of Appeals

for the

# First District of Texas

_____

## NO. 01-23-00840-CV

_____

**INDEPENDENT SPECIALTY INSURANCE COMPANY, Appellant**

**v.**

**BLOSSOMS MONTESSORI SCHOOL INC., Appellee**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-23652**

---

## MEMORANDUM OPINION

Appellant Independent Specialty Insurance Company (ISIC) appeals from the trial court's order denying its motion to compel arbitration in the suit filed against it by appellee Blossoms Montessori School Inc. (Blossoms). ISIC contends that the trial court erred in denying its motion to compel arbitration.

We affirm.

## Background

**A.      Trial Court**

Blossoms owns a commercial building located in Spring, Texas, and ISIC underwrote the property insurance policy on that building (the Policy). Blossoms submitted a claim to ISIC after its property was allegedly damaged in a windstorm and hailstorm. ISIC denied coverage.

In April 2023, Blossoms sued ISIC and ISIC's adjuster, Brian York, asserting claims for wrongful denial of an insurance claim, breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Blossoms alleged ISIC wrongfully denied its claim, and that Blossoms was damaged by a resulting delay in repairs to its property. Blossoms further alleged the inspection used by ISIC was substandard because York was improperly trained and failed to perform a thorough investigation of the claim.

ISIC and York answered, asserting a general denial and several affirmative defenses. In October 2023, the trial court granted York's motion to dismiss and ISIC filed a motion to compel arbitration.[1] In its motion to compel arbitration, ISIC

---

[1]      In its motion, ISIC referred to and attached an August 25, 2023 letter from ISIC's counsel to Blossoms' counsel in which ISIC gave notice of its invocation of the Policy's arbitration clause and noted that ISIC's counsel had informed Blossoms' counsel on July 3, 2023 of its intent to invoke the arbitration clause.

invoked the arbitration agreement in section H(4) of the Policy, which states, in pertinent part, that:

> All matters in dispute between you and us . . . in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.

Blossoms opposed the motion, arguing that the arbitration agreement is unenforceable because the Policy contains conflicting dispute resolution provisions and because the arbitration agreement is unconscionable.

The trial court denied ISIC's motion to compel arbitration without stating the grounds for its denial, and the record on appeal includes no factual findings associated with that ruling. This appeal followed.

## B.    Appeal

In its initial brief on appeal, ISIC raises two issues: (1) "[w]hether the arbitration clause in the [Policy] contains a delegation provision transferring the threshold determination of whether the arbitration clause is valid and enforceable from the District Court to the Arbitration Tribunal"; and (2) "[w]hether Blossoms sustained its burden of proving substantive unconscionability to invalidate the delegation provision." ISIC takes the position that the Policy's arbitration agreement contains a delegation clause in which the parties agreed to delegate to arbitration all threshold determinations including the validity and enforceability of the arbitration

3

agreement. ISIC does not address Blossoms' argument in the trial court that the arbitration agreement is unenforceable because the Policy contains conflicting dispute resolution provisions and because the arbitration agreement is unconscionable. ISIC purports to summarize Blossoms' unconscionability argument by quoting at length from this Court's decision in *Taylor Morrison of Tex., Inc. v. Goff*, No. 01-21-00404-CV, 2022 WL 1085714 (Tex. App.—Houston [1st Dist.] Apr. 12, 2022, no pet.) (mem. op.). The language quoted by ISIC includes a recitation of factors that this Court considers in determining whether an arbitral forum is an adequate and accessible substitute to litigation. *See Goff*, 2022 WL 1085714, at *12-13. But ISIC does not address those factors because, it argues, Blossoms has made no unconscionability argument that is specific to the alleged delegation clause.

In its brief on appeal, Blossoms argues, as it did in the trial court, that the parties' arbitration agreement is unenforceable because it conflicts with another dispute resolution provision in the Policy and because it is unconscionable. Blossoms also makes an argument that it did not make in the trial court: that ISIC waived its right to invoke the arbitration clause through its invocation of the judicial process.

In its reply brief on appeal, ISIC argues that there is no conflicting provision in the Policy, that the issue of whether the arbitration agreement as a whole is

4

unconscionable is "not the question" and that Blossoms has offered no evidence that the alleged delegation clause in the arbitration agreement is unconscionable, and that Blossoms' waiver argument is untimely and incorrect.

## Discussion

We affirm the trial court's denial of ISIC's motion to compel arbitration because, in its opening brief on appeal, ISIC did not challenge all independent grounds argued by Blossoms in the trial court that, if meritorious, would fully support the trial court's ruling.

## A. Applicable Law

On appeal, an appellant must attack all independent bases or grounds that, if meritorious, would fully support a complained-of trial court order. *Dao v. Mission Bend Homeowners Ass'n, Inc.*, 667 S.W.3d 304, 319 (Tex. App.—Houston [1st Dist.] 2022, no pet.); *Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). If on appeal an appellant does not attack all independent bases or grounds that, if meritorious, would fully support the trial court's ruling, then we must affirm the ruling. *Dao*, 667 S.W.3d at 319; *Britton*, 95 S.W.3d at 680-81 (noting that "we need not decide" if unchallenged ground is meritorious). "This rule is based on the premise that an appellate court normally cannot alter an erroneous judgment in favor of an appellant in a civil case who does not challenge that error on appeal." *Britton*, 95 S.W.3d at 681. Therefore, where an

appellant does not attack an independent ground that, if meritorious, would fully support the trial court's ruling, then (1) we accept the unchallenged independent ground as fully supporting the trial court's ruling and (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the ruling. *Mass. Bay Ins. Co. v. Adkins*, 615 S.W.3d 580, 612 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (citing *Britton*, 95 S.W.3d at 681 (noting for example that, if summary judgment may have been rendered, properly or improperly, on ground not challenged, judgment must be affirmed)).

Texas courts have applied the unchallenged independent ground rule when the complained-of ruling is the denial of a motion to compel arbitration or for a stay pending arbitration. *See RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 434 (Tex. 2016) (affirming denial of motion to stay pending arbitration on grounds that appellant "did not challenge one ground on which the [trial court] could have ruled in denying [appellant's] motion to stay the litigation"); *U.S. Lawns, Inc. v. Castillo*, 347 S.W.3d 844, 849 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied) (affirming trial court's denial of motion to compel arbitration because appellant "did not challenge all possible grounds on which the trial court could have based its denial of the motion to compel arbitration"). The rule applies based on the arguments an appellant makes or does not make in the appellant's initial brief, regardless of what arguments the appellant makes in any reply brief. *See Dao*, 667 S.W.3d at 318-19 &

n.7 (overruling sufficiency of evidence challenge based on appellant's failure to attack all independent grounds for trial court's ruling in opening appellate brief, noting general rule that arguments made in reply brief but not opening brief are waived); *Castillo*, 347 S.W.3d at 849 ("By attacking the merits of the unchallenged ground in its reply brief, [appellant] is attempting to circumvent the briefing rules.").

**B.      Analysis**

In the trial court, Blossoms opposed ISIC's motion to compel on the grounds that the Policy's arbitration agreement was unenforceable on two grounds, one of which was that the arbitration agreement conflicted with another dispute resolution provision in the Policy. ISIC failed to challenge that conflict argument in its initial brief.[2] Under the case law discussed above, we must thus consider whether, if the conflict argument were meritorious (an issue we need not decide), it would fully support the trial court's denial of ISIC's motion to compel arbitration.

Assuming without deciding that Blossoms' argument that the arbitration agreement is unenforceable because it conflicts with another dispute resolution provision is meritorious, that argument would fully support the trial court's ruling denying ISIC's motion to compel arbitration. *See, e.g.*, *O'Shaughnessy v. Young Living Essential Oils, L.C.*, 810 F. App'x 308, 311-14 (5th Cir. 2020) (affirming trial

---

[2]      For this reason, we need not decide whether ISIC's initial brief on appeal can be read as challenging Blossoms' alternative argument in the trial court that the Policy's arbitration agreement is unenforceable because it is unconscionable.

7

court's denial of motion to compel arbitration because conflict between contract's arbitration agreement and other contract language demonstrated absence of "meeting of the minds" with respect to arbitration); *Edison Solar LLC v. Barrera*, No. 02-25-00009-CV, 2025 WL 1271932, at *4 (Tex. App.—Fort Worth May 1, 2025, no pet. h.) (mem. op.) (same, citing *O'Shaughnessy*); *Links Constr., LLC v. United Structures of Am., Inc.*, No. 14-20-00723-CV, 2022 WL 1112831, at *3-4 (Tex. App.—Houston [14th Dist.] Apr. 14, 2022, no pet.) (mem. op.) (same, citing *O'Shaughnessy*).

If there is no agreement to arbitrate, any delegation clause in the arbitration agreement has no effect. *See O'Shaughnessy*, 810 F. App'x at 314 (holding that ruling that there was no meeting of minds as to arbitration mooted "secondary issue of the scope of the arbitration agreement and the effect of the delegation clause on the analysis of that issue"); *see also Baby Dolls Topless Saloons, Inc. v. Sotero*, 642 S.W.3d 583, 586 (Tex. 2022) (discussing types of challenges to validity of arbitration agreement, and holding that challenges to existence of agreement are decided by court); *RSL Funding*, 569 S.W.3d at 124 (discussing types of challenges to validity of arbitration agreement, and holding that contract formation defenses are threshold issues to be decided by court).

We thus conclude that, if Blossoms' conflict argument were meritorious (an issue we need not decide), it would fully support the trial court's denial of ISIC's

motion to compel arbitration. As a result, (1) we accept Blossoms' conflict argument as fully supporting the trial court's ruling and (2) any error shown by ISIC in its initial brief on appeal is harmless because Blossoms' conflict argument fully supports the trial court's ruling. *See Adkins*, 615 S.W.3d at 612; *Britton*, 95 S.W.3d at 681; *see also Castillo*, 347 S.W.3d at 849 (rejecting argument that court of appeals is not required to accept unchallenged independent ground as fully supporting trial court's ruling unless it is "legally meritorious and supported in the record" as attempt to circumvent briefing rules). ISIC's response to Blossoms' argument in its reply brief came too late. *See Dao*, 667 S.W.3d at 319 & n.7; *Castillo*, 347 S.W.3d at 849.

## Conclusion

We affirm the trial court's denial of ISIC's motion to compel arbitration.[3]

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.

---

[3] Because we affirm the trial court's denial of ISIC's motion to compel arbitration, we need not reach the timeliness or merits of Blossoms' argument that ISIC waived its right to arbitrate through its invocation of the judicial process, an argument that ISIC argues that Blossoms waived by not raising it in the trial court.