**John FOX, Appellant,**

v.

**Joe WARDY, Mayor, and Thomas McGuire, Appellees.**

No. 08–04–00114–CV.

Court of Appeals of Texas, El Paso.

July 28, 2005.

John Fox, El Paso, pro se.

John P. Mobbs, El Paso, for appellees.

Before Panel No. 5 BARAJAS, C.J., McCLURE, and ABLES (sitting by assignment), JJ.

## *OPINION*

ANN CRAWFORD McCLURE, Justice.

John Fox appeals from an order granting the Appellees' plea to the jurisdiction and dismissing his suit with prejudice. Finding no error, we affirm.

### FACTUAL SUMMARY

Two related appeals arise out of the condemnation of an apartment building owned by John Fox. Fox filed suit in cause number 2003–2008, 224 S.W.3d 304 (210th District Court) alleging that his civil rights were violated by the City of El Paso employees[1] who searched the apartment complex and removed electric meters from it. In cause number 2003–4071 (205th District Court), Fox sued El Paso Mayor Joe Wardy for violation of his civil rights alleging that he had constructive knowledge of the unlawful acts committed by the other defendants. Fox also included allegations that City employees Williams and McGuire had retaliated against him for filing suit in cause number 2003–2008. The 205th and 210th District Courts transferred the cases to the 327th District Court with the consent of the judge of that court. Appellees filed a plea to the jurisdiction in both cases based on sovereign immunity, official immunity, and qualified immunity. Follow-

ing a hearing, the trial court granted the plea to the jurisdiction in each case without specifying the exact basis for the ruling and dismissed each suit with prejudice. Fox raises three issues on appeal.[2]

### THE TRANSFER ORDERS

■ In Issue One, Fox contends that the transfer of the cases to the 327th District Court violated local rule 3.02(C) because he did not receive notice prior to the transfers. Rule 3.02 of the El Paso County Local Rules governs the transfer of cases, docket exchange, and bench exchange. It provides:

(A) After assignment to a particular court, every case, both jury and non-jury, shall remain pending in such court until final disposition or transfer.

(B) Any case may be transferred to another court by order of the judge of the court in which the case is pending with the consent of the judge of the court to which it is transferred, or by order of the local administrative judge.

(C) Whenever any pending case is so related to another case pending in another court, the judge of the court in which the earliest filed case is pending may, upon motion (including the judge's own motion) and notice, transfer the case to the court in which the earlier case is filed to facilitate the orderly and efficient disposition of the litigation.

The transfer orders were not entered pursuant to Local Rule 3.02(A) but were instead transferred to the 327th District Court with the express consent of the

---

1. Fox's pleadings allege that Thomas McGuire and William Stern are municipal code enforcement officers and that Terry Williams is the Deputy Director of the City of El Paso Building Services Department.

2. Issues One and Three pertain to matters unrelated to the court's ruling on the plea to the jurisdiction. Rather than addressing the issues in the order presented, we will first address Issues One and Three, and then consider Issue Two.

judge of that court as permitted by Local Rule 3.02(B). That subsection does not require prior notice to the parties. Accordingly, Issue One is overruled.

## CITY ATTORNEY

■ In Issue Three, Fox contends that the trial court erred by denying his motion to disqualify the City Attorney as counsel for Appellees. Fox filed a motion to disqualify the City Attorney's Office because he had not sued the City of El Paso. He did not request a hearing on the motion. Counsel for Appellees offered to address the motion at the hearing on the plea to the jurisdiction, but Fox declined because he was not prepared to argue the issue. The court considered only the pleas to the jurisdiction and Fox never obtained a ruling on the motion to disqualify.

In order to preserve a complaint for appellate review, the record must show that a party presented his complaint to the trial court in a timely manner, and the trial court ruled on the matter either expressly or implicitly. Tex.R.App.P. 33.1. Fox argues that the trial court implicitly denied his motion to disqualify by granting the plea to the jurisdiction. We disagree. The trial court expressly stated on the record that the motion to disqualify would not be heard and they would proceed only on the plea to the jurisdiction. The court could not have implicitly denied a motion which it expressly did not consider. Because Fox failed to obtain a ruling on his motion to disqualify, the issue is not preserved for our review. Issue Three is overruled.

## FEDERAL JURISDICTIONAL STATUTE

■ In Issue Two, Fox argues that the trial court erred in granting the plea to the jurisdiction because jurisdiction was properly invoked under 28 U.S.C. § 1343. To establish subject matter jurisdiction, a plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the claim. *Texas Association of Business v. Texas Air Control Board,* 852 S.W.2d 440, 446 (Tex.1993). A party may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Travis County v. Pelzel & Assoc., Inc.,* 77 S.W.3d 246, 248 (Tex.2002). We review a trial court's ruling on a plea to the jurisdiction *de novo. Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998).

■ Section 1343 grants federal courts original jurisdiction over claims for deprivation of civil rights. 28 U.S.C. § 1343(a). Because Section 1343 is a federal jurisdictional statute, it has no application to Fox's cases filed in state court and does not provide a basis for the trial court to exercise jurisdiction. *See Jewell v. Covington,* 425 F.2d 459, 460 (5th Cir.1970)(holding that Section 1343 grants federal courts original jurisdiction over civil rights claims and does not create any substantive rights).

■ Appellees, who were sued in their official and individual capacities, asserted sovereign immunity, official immunity, and qualified immunity.[3] The trial court granted the plea to the jurisdiction, but did not specify the precise basis for its ruling. Fox does not address the merits of the immunity issues raised in the plea to the jurisdiction but instead maintains that a Section 1983 action can be brought in state court. We agree that a Section 1983 action can be brought in state court, but the trial court did not rule otherwise.

---

**3.** Qualified immunity is an immunity from suit available to government officials sued in their individual capacities under Section 1983. *See Scott v. Britton,* 16 S.W.3d 173, 180 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

An appellant must attack all independent grounds that fully support an adverse ruling. *Britton v. Texas Department of Criminal Justice,* 95 S.W.3d 676, 681 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *see Harris v. General Motors Corporation,* 924 S.W.2d 187, 188 (Tex.App.-San Antonio 1996, writ denied). If he fails to do so, then we must affirm. *Britton,* 95 S.W.3d at 681. Because Fox has not challenged any of the grounds alleged in the plea to the jurisdiction which could, if meritorious, support the order granting the plea to the jurisdiction, we overrule Issue Two. *See Britton,* 95 S.W.3d at 676 (affirming order granting plea to the jurisdiction because appellant did not challenge all grounds on which order could have been based). The judgment of the trial court is affirmed.