Affirmed and Memorandum Opinion filed April 20, 2006









Affirmed and Memorandum Opinion filed April 20, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00963-CV

____________

 

BASILIO ANGULO-PEREZ, Appellant

 

V.

 

THE UNIVERSITY OF TEXAS MEDICAL BRANCH, Appellee

 



 

On
Appeal from the 10th District Court

Galveston
County, Texas

Trial
Court Cause No. 03CV0977

 



 

M E M O R A N D U M   O
P I N I O N

Basilio Angulo-Perez, an inmate, filed suit against the
University of Texas Medical Branch (UTMB) for medical malpractice and
negligence.  UTMB filed a plea to the
jurisdiction on two grounds: (1) appellant=s pleadings failed to state a claim
under the Texas Tort Claims Act=s (the Act) limited waiver of sovereign immunity, and (2)
appellant failed to provide written notice within six months, as required by
the Act.  The trial court sustained the
plea.  








On appeal, appellant does not address either of these grounds
for granting the plea to the jurisdiction. 
Rather, appellant claims UTMB=s immunity does not extend to a
commercial contract with the federal government to treat prisoners in federal
custody.  

The State does not waive immunity from suit simply by
contracting with another entity.  See
General Serv. Comm. v. Little-Tex Insulation Co., Inc, 39 S.W.3d 591, 594
(Tex. 2001).  There must still be
legislative consent to sue.  Id.  Appellant still had the burden to establish
immunity had been waived.  See id.  

When a trial court sustains a plea to the jurisdiction
without specifying grounds, appellant must challenge each ground asserted in
the plea.  See Britton v. Texas
Department of Criminal Justice, 95 S.W.3d 676, 681 (Tex. App.CHouston [1st Dist.] 2002, no
pet.).  See also Fox v. Maguire, 2005
WL 1791586, *2 (Tex. App.CEl Paso 2005, pet. denied) (not yet released for
publication); Fox v. Wardy, 2005 WL 1791589, *2 (Tex. App.CEl Paso 2005, pet. denied) (not yet
released for publication); and Service Employment Redevelopment v. Fort
Worth Independent School Dist., 163 S.W.3d 142, 147 (Tex. App.CFort Worth 2005, pet. filed).  Appellant has not challenged either of the
jurisdictional plea=s grounds. 
Accordingly, we overrule appellant=s issue and affirm the trial court=s judgment.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed April 20, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.