COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-07-00356-CV |
| | § | Appeal from the |
| IN THE INTEREST OF S.K.H., T.P.T., AND N.A.T., CHILDREN | § | 65th Judicial District Court |
| | § | El Paso, Texas |
| | § | (TC# 2003CM6695) |
| | § | |

**O P I N I O N**

Mr. Robert Holder and Mrs. Phyllis Holder ("the Holders") appeal the trial court's judgment in favor of Dana Thompson ("Ms. Thompson") on her Petition for Interference with Possessory Interest in Child, Interference with Child Custody, and Intentional Infliction of Emotional Distress. The Holders challenge the trial court's judgment on the basis of factual insufficiency. We affirm.

Ms. Thompson is the mother of S.K.H., T.P.T., and N.A.T. The Holders are the grandparents of S.K.H., T.P.T., and N.A.T. Ms. Thompson filed a Petition for Permanent Restraining Order and Petition for Liability for Interference with Possessory Right in October 2003. The trial court subsequently entered an Interim Restraining Order to restrain the Holders from removing the children from Ms. Thompson. In June 2004, Ms. Thompson filed an Amended Petition for Interference with Possessory Interest in Child, Interference with Child Custody, and Intentional Infliction of Emotional Distress specifically alleging the Holders had taken or retained possession of S.K.H. and concealed S.K.H.'s whereabouts on a number of

occasions. Ms. Thompson argued that this violated the order denying the Holders visitation rights.

The trial court heard evidence on Ms. Thompson's Amended Petition in October 2006 and February 2007. At the conclusion of the hearings, the court entered a Report and Recommendation on Interference. In September 2007, the court entered judgment in favor of Ms. Thompson on her Amended Petition. The court issued Findings of Fact on November 19, 2007. In its Conclusions of Law, the court held: (1) the Holders violated Chapter 42 of the Texas Family Code, and were jointly and severally liable for damages; (2) the Holders interfered with lawful child custody; and (3) the Holders committed intentional infliction of emotional distress. The court ordered that Ms. Thompson was entitled to $110,320 in exemplary damages, $5,516.45 in actual damages, and $15,000 in attorney's fees.

On appeal, the Holders contend the trial court erred because: (1) Ms. Thompson presented factually insufficient evidence at trial to support a finding of interference with possessory interest pursuant to Chapter 42 of the Texas Family Code; and (2) Ms. Thompson presented factually insufficient evidence to support the damages award.

In both of their issues, the Holders challenge the factual sufficiency of the evidence to support the trial court's judgment.

Most orders arising from a suit affecting the parent-child relationship will not be disturbed on appeal unless the complaining party can demonstrate a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Sotelo v. Gonzales*, 170 S.W.3d 783, 787 (Tex.App.--El Paso 2005, no pet.). However, an appellant may challenge the trial court's findings of fact for legal and factual sufficiency of the evidence. *Sotelo*, 170 S.W.3d at 787. We

review factual sufficiency challenges to the trial court's findings in a bench trial under the same standards applied in reviewing evidence supporting a jury's verdict. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *In re Estate of Torrance*, 991 S.W.2d 98, 101 (Tex.App.--El Paso 1999, no pet.). We will sustain a factual sufficiency challenge only if, after viewing all the evidence, the evidence is so weak or the verdict so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Eberle v. Adams*, 73 S.W.3d 322, 327 (Tex.App.--Houston [1st Dist.] 2001, pet. denied). We are mindful that we cannot substitute our opinion for that of the trier of fact and determine that it would have weighed the evidence differently or reached a different conclusion. *Eberle*, 73 S.W.3d at 327. We may not interfere with the fact finder's resolution of conflicts in the evidence or pass on the weight or credibility of the witnesses' testimony. *Cass v. Stephens*, 156 S.W.3d 38, 56 (Tex.App.--El Paso 2004, pet. denied).

In Issue One, the Holders contend Ms. Thompson failed to present factually sufficient evidence at trial to support a finding of interference with possessory interest pursuant to Texas Family Code Chapter 42.

The only relief an appellate court may grant an appellant who argues factual insufficiency is a new trial. *Southwestern Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 626 (Tex. 2004). An appellate court cannot grant relief that an appellant does not pray for. *See West End API, Ltd. v. Rothpletz*, 732 S.W.2d 371, 374 (Tex.App.--Dallas 1987, writ ref'd n.r.e.).

In their Prayer, the Holders request us to reverse the trial court's judgment and render judgment against Ms. Thompson "that she take nothing against Appellants." Because they only requested a reversal and rendition in favor of them and did not ask for a new trial, we cannot

grant them any relief. *See Garza*, 164 S.W.3d at 626; *Rothpletz*, 732 S.W.2d at 374.

In the interest of justice, even if we are able to grant relief to the Holders in this case, we have previously held that an appellant must attack all independent grounds supporting an adverse ruling. *Fox v. Wardy*, 224 S.W.3d 300, 304 (Tex.App.--El Paso 2005, pet. denied). If the appellant fails to do so, the appellate court will affirm the ruling. *Id*. When more than one legal conclusion independently supports a judgment or ruling, and the appellant only challenges one of those conclusions on appeal, an appellate court will overrule that challenge. *Britton v. Texas Dept. of Criminal Justice*, 95 S.W.3d 676, 681 (Tex.App.--Houston [1st Dist.] 2002, no pet.).

Aside from her claim for interference with her possessory interest in violation of the Texas Family Code Chapter 42, Ms. Thompson also asserted claims of the common law tort of interference with child custody and the common law tort of intentional infliction of emotional distress. The trial court determined the Holders were liable on all three theories. However, the Holders challenge only the sufficiency of the evidence to support a finding of interference with possessory interest pursuant to Texas Family Code Chapter 42. Because the Holders did not attack all independent grounds supporting the trial court's ruling, we must affirm the ruling. *See Fox*, 224 S.W.3d at 304; *Britton*, 95 S.W.3d at 681. Accordingly, we overrule Issue One.

In Issue Two, the Holders contend Ms. Thompson failed to present factually sufficient evidence to support the damages award. The Holders argue that both actual damages and exemplary damages are factually excessive.

Again, the only relief an appellate court may grant an appellant who argues factual insufficiency is a new trial, and we cannot grant relief that an appellant does not pray for. *See Garza*, 164 S.W.3d at 626; *Rothpletz*, 732 S.W.2d at 374. Because the Holders only requested a

reversal and rendition and did not ask for a new trial in their Prayer, we cannot grant them any relief. *See id*.

Further, a brief must include "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(i), 38.2(a)(1). In the first part of the Holders' argument in Issue Two, they contend that the trial court's actual damages award was factually excessive. However, because the Holders did not properly support their factual sufficiency argument with respect to the actual damages award with legal authorities and record, they have waived their challenge to the sufficiency of the evidence to support the trial court's actual damages finding. *See id*. Accordingly, we overrule Issue Two.

Having overruled the Holders' issues presented for review, we affirm the trial court's judgment.


March 17, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.