

NUMBER 13-12-00737-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

LARRY WOLF AND
CAMILA WOLF,                                                    Appellants,

v.

CITY OF MISSION ON
BEHALF OF THE MISSION
POLICE DEPARTMENT,                                             Appellee.

---

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion by Justice Garza

This appeal arises from a proceeding in which three parcels of real property were ordered forfeited to the Hidalgo County Criminal District Attorney and the Mission Police Department. Appellants, Larry and Camila Wolf, did not initially participate in the

forfeiture proceeding but filed a plea in intervention and petition for declaratory relief some four years after final judgment of forfeiture was rendered. The trial court granted a plea to the jurisdiction filed by appellee, the City of Mission on behalf of its police department (the "City"). We affirm.

## I. BACKGROUND

On September 13, 2006, the Hidalgo County Criminal District Attorney filed a "Notice of Seizure and Intended Forfeiture" alleging that seven parcels of real property were seized pursuant to a lawful arrest and asking the trial court to order the properties forfeited. The notice, which was accompanied by a police officer's affidavit, explained that the properties were seized after a search warrant was executed on a property in Palmhurst, Texas. Upon entering the property, officers discovered over $1.5 million in United States currency. According to the officer's affidavit, Martina Casa Flores, who resided at the Palmhurst residence, admitted that the currency was obtained from her late husband's illegal drug trafficking business. The affidavit stated that further investigation showed that Flores owned several parcels of real property in Hidalgo County "outright, with no mortgage against the properties." Those properties were seized based on investigators' "knowledge and belief" that they were obtained with proceeds derived from the trafficking of narcotics. *See* TEX. CODE CRIM. PROC. ANN. arts. 59.01(2)(c), 59.02(a) (West Supp. 2011) (stating that proceeds gained from the commission of certain felonies are contraband subject to seizure). On September 26, 2007, the trial court rendered an agreed judgment ordering four of the subject properties forfeited and three returned to Flores.

The Wolfs filed a plea in intervention and petition for declaratory relief in the

forfeiture proceeding on November 15, 2011, alleging that they held judgment liens on the properties and asking for a declaration that the 2007 forfeiture judgment is void. The Wolfs also alleged that the 2007 judgment is void because "forfeited property must be awarded to a political subdivision authorized by law to employ Peace Officers."[1]

In response, the City filed a plea to the jurisdiction contending that: (1) the trial court lost its plenary power thirty days after rendering the forfeiture judgment, *see* TEX. R. CIV. P. 329b(d); (2) the Wolfs lack standing, *see First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984) ("[A] plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside."); and (3) the City is entitled to governmental immunity. The Wolfs filed a response to the plea to the jurisdiction and moved for summary judgment, claiming that they "have priority to the properties in question" because they "abstracted their judgment prior to any form of recordation by either the City of Mission or the Hidalgo County District Attorney." The trial court granted the plea to the jurisdiction[2] and dismissed the Wolfs' plea in intervention, without specifying the grounds upon which the plea was granted. This appeal followed.

## II. STANDARD OF REVIEW

A plea questioning the trial court's subject-matter jurisdiction raises a question of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We focus first on the pleadings to determine whether the facts

---

[1] Attached to the Wolfs' plea were documents establishing that: (1) the Wolfs sued Flores after a 2004 auto accident; (2) on December 28, 2007, the Wolfs obtained a permanent injunction enjoining Flores from disposing of the real property at issue; and (3) on April 24, 2008, the Wolfs obtained a post-answer default judgment against Flores in the amount of $750,000.

[2] The trial court initially denied the plea to the jurisdiction by order dated June 21, 2012. However, it subsequently granted the City's motion for reconsideration, and it rendered judgment granting the plea to the jurisdiction on October 29, 2012.

3

pled affirmatively demonstrate that subject-matter jurisdiction exists. *Id.* A plea should not be granted if a fact issue is presented as to the court's jurisdiction, but if the pleadings affirmatively demonstrate an incurable jurisdictional defect, then the plea to the jurisdiction must be granted. *Id.* at 227–28. If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded the opportunity to replead. *Id.* at 226–27.

### III. ANALYSIS

In their initial appellate brief, the Wolfs raise two issues which they characterize as follows: (1) "Does the prior abstract of the judgment by the [Wolfs] constitute a lien on the real property located in the county in which the abstract is recorded and indexed"; and (2) under the Uniform Declaratory Judgments Act ("UDJA"), TEX. CIV. PRAC. & REM. CODE ANN. ch. 37 (West 2008), "[i]t is not a collateral attack on a judgment and limitations doesn't accrue until a cause of action arises wherein a person seeks a declaration or clarification of their status, legal relations, or rights." After the City filed its appellee's brief, the Wolfs filed a reply brief listing three issues, including the following:

> The trial court did not lose plenary power 30 days after the decision was signed because any decision by the District Court as to what force it will attribute to a decision rendered by a County Court or as to whether it will allow [the Wolfs] to intervene in its proceedings involves the decision as to how the District Court will enforce its judgment. A court retains continuing jurisdiction over matters involving the enforcement of its judgments and retains its plenary power.

The issues raised in the Wolfs' initial brief fail to attack any of the three grounds for relief alleged by the City in its plea to the jurisdiction—i.e., expiration of plenary power, lack of standing, and governmental immunity. The issue newly raised in the

4

Wolfs' reply brief[3] addresses the expiration of plenary power, but it does not address lack of standing or governmental immunity. An appellant must attack all independent grounds that fully support an adverse ruling; if he fails to do so, then we must affirm that ruling. *Fox v. Maguire*, 224 S.W.3d 304, 307 (Tex. App.—El Paso 2005, pet. denied); *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see Harris v. Gen. Motors Corp.*, 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ denied); *see also SJW Prop. Commerce, Inc. v. Sw. Pinnacle Props.*, 314 S.W.3d 166, 190 (Tex. App.—Corpus Christi 2010), *vacated on other grounds*, 328 S.W.3d 121 (Tex. App.—Corpus Christi 2010, pet. denied). Even if we were to agree with the Wolfs that the court retained plenary power, we would still be compelled to affirm the trial court's judgment because the Wolfs' issue addresses only one of the three grounds for relief set forth by the City in its plea to the jurisdiction.[4] *See Britton*, 95 S.W.3d at 681 (noting that, "if an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then (1) we must accept the validity of that unchallenged independent

---

[3] A reply brief may not be used to raise new issues. *Gamboa v. Gamboa*, 383 S.W.3d 263, 274 (Tex. App.—San Antonio 2012, no pet.); *In re Elamex*, 367 S.W.3d 879, 890 n.8 (Tex. App.—El Paso 2012, orig. proceeding) ("An issue raised for the first time in a reply brief is waived and need not be considered by an appeals court."); *U.S. Lawns, Inc. v. Castillo*, 347 S.W.3d 844, 849 (Tex. App.—Corpus Christi 2011, pet. denied) (noting that, "[b]y attacking the merits of the unchallenged ground in its reply brief, [appellant] is attempting to circumvent the briefing rules"). However, the City raised the issue of plenary power in its appellees' brief. Accordingly, the Wolfs were entitled to address that issue in their reply brief. *See* Tex. R. App. P. 38.3 ("The appellant may file a reply brief addressing any matter in the appellee's brief.").

[4] The Wolfs argue in both of their appellate briefs that the underlying forfeiture judgment is void. However, even if the judgment was void, that would not negate the City's standing and immunity theories. *See Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985) (disapproving the court of appeals' statement that "if a judgment rendered by a trial court is void it may be set aside by that court at any time" and holding instead that direct attacks on a void judgment must be brought by bill of review under Texas Rule of Civil Procedure 329b(f), with the only exception being when the underlying judgment was rendered without the court having jurisdiction); *PNS Stores, Inc. v. Rivera*, 335 S.W.3d 265, 280 (Tex. App.—San Antonio 2010), *rev'd on other grounds*, 379 S.W.3d 267 (Tex. 2012).

ground . . . and thus (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment."). Accordingly, we have no choice but to overrule the Wolfs' issues on appeal.

## IV. CONCLUSION

The trial court's judgment is affirmed.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
29th day of August, 2013.