**Affirm and Opinion Filed February 26, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01063-CV**

**HENRY MISHKOFF, Appellant**
**V.**
**T. CHASE GARRETT, SCHEEF & STONE, LLP, AND SONIA BRYANT,**
**Appellees**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-03472-2022**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Miskel
Opinion by Justice Molberg

Appellant Henry Mishkoff appeals the trial court's order dismissing his libel

suit under the TCPA. He contends the trial court erred in (1) granting appellees'

motion to dismiss because he established a prima facie case for his claim,

(2) awarding appellees attorney's fees because no evidence showed the fees were

incurred and appellees failed to segregate fees relating to the TCPA, (3) failing to

address appellees' claims of privilege and immunity, (4) failing to disqualify counsel

for appellees for violations of the disciplinary rules, and (5) denying Mishkoff a fair

trial by deciding the TCPA motion on an artificially shortened timeline at appellees' urging. We affirm in this memorandum opinion.

## I. Background

Mishkoff and his neighbor, appellee Sonia Bryant, were involved in a property dispute. Mishkoff sued Bryant seeking a declaration he had an implied easement on Bryant's property, and Bryant filed a trespass counterclaim against Mishkoff. Bryant alleged Mishkoff entered her property numerous times without her consent for the purpose of harassing her. Bryant alleged,

> Mishkoff veers far out of the express easement granted across her property. In each of these instances of claimed trespass, Mr. Mishkoff can make no claim, much less a credible claim, that he was exercising his rights to an "implied easement" as the photographic and videographic evidence shows him underneath Bryant's carport or on other areas of the Bryant Property where he makes no claim to an implied easement.

Then, in a statement particularly at issue here, Bryant alleged, "He simply seems to enjoy exposing himself to her security cameras[.]" Immediately afterwards, Bryant included a security camera screenshot depicting Mishkoff, who was clothed, standing under what appears to be a carport and smiling at the camera. Bryant alleged, "in one instance, Mr. Mishkoff brought third parties that appeared to be surveyors onto her property without her prior consent and the police were called." Below this allegation is another security camera screenshot depicting Mishkoff and another person walking away from the camera in the same carport area as above. Finally, Bryant alleged on other occasions Mishkoff entered upon her property

without her permission to take pictures and conduct surveillance for purposes of the lawsuit.

On July 11, 2022, Mishkoff initiated a new proceeding and filed an original petition, alleging Bryant, her lawyer, T. Chase Garrett, and his law firm, Scheef & Stone, LLP—the three appellees before us—libeled Mishkoff in filing Bryant's trespass counterclaim. Mishkoff alleged the counterclaim's statement that he enjoyed exposing himself to Bryant's security cameras "clearly states that Plaintiff enjoys showing his sexual organs to Defendant Bryant's security cameras." Mishkoff based his contention upon *Merriam-Webster*'s definition of "expose oneself," which defines the idiomatic phrase as "to show one's sexual organs in public." He argued there was "no reasonable non-defamatory interpretation of the defamatory statement" and stated the accompanying image was "somewhat dark and lacks contrast, so some viewers of the photo might not reach the conclusion that Plaintiff is fully clothed, especially with the contradictory language in the defamatory statement."

Appellees generally denied Mishkoff's allegations, asserted several affirmative defenses, including the judicial proceedings privilege, and filed a motion to dismiss under the TCPA. In their motion to dismiss, appellees contended the allegation in the counterclaim was that Mishkoff "not only trespassed on Ms. Bryant's real property, but seemed to do so while evincing conspicuousness." Appellees pointed out there were "no genitals on display in the photograph nor were

any alleged to be anywhere in the text of the counterclaim." They further stated, "The only allegation in the counterclaim was that Mr. Mishkoff trespassed onto Ms. Bryant's real property and made sure he was in full display of her security cameras when doing so." Appellees argued Mishkoff's legal action fell within the TCPA's scope because it was brought in response to appellees' exercise of their right to petition. They argued Mishkoff could not carry his burden to present clear and specific evidence of a prima facie case for his defamation claim because the statement in question was an opinion, and it further had no defamatory meaning given the context of the counterclaim. Finally, they argued the statement was absolutely privileged because it was made in a judicial proceeding, and furthermore, the doctrine of attorney immunity shielded the attorney appellees from liability for actions taken in connection with representing Bryant. Appellees also sought damages under civil practice and remedies code § 27.009(a)(2) (court may award to moving party under the TCPA sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in TCPA).

In response, Mishkoff argued, among other things, the statement itself was prima facie evidence because appellees "have accused [him] of committing a sexual offense" and thus defamed him. Mishkoff also argued the judicial proceedings privilege did not apply because the statement in question bore no relation to the proceedings. Appellees replied, arguing, among other things, that Mishkoff was

–4–

failing to read the statement in context as the law requires; in context, they said, "[t]he general tenor of the pleading is that [Mishkoff] trespasses onto Ms. Bryant's property and appears to enjoy positioning himself within the view of her security camera (i.e., 'exposing himself') while doing so." Given the context of the rest of the pleading, appellees argued, Mishkoff had not and could not prove the statement had any defamatory meaning and the suit should be dismissed at step two of the TCPA. As to the judicial proceedings privilege, appellees argued that, even if the court interpreted the statement in question as Mishkoff did, it was "a statement about what Plaintiff did while on [Bryant's] property during the act of a trespass" and thus bore "some relationship" to the judicial proceeding.

The trial court conducted a hearing on the motion to dismiss on August 25, 2022, where the parties reiterated the arguments they had presented in their filings.

On September 23, 2022, the trial court[1] granted appellees' motion to dismiss, ordered that Mishkoff take nothing, awarded $17,875 in attorney's fees to appellees, awarded appellees conditional appellate fees, and awarded a further $10,000 under § 27.009(a)(2) as a sanction to deter Mishkoff from bringing such actions in the future.

## II. Discussion

### A. TCPA

---

[1] Following two voluntary recusals and subsequent transfers by the presiding judge, this cause was ultimately decided by Judge Angela Tucker.

In his first three issues, Mishkoff argues the trial court erred in granting appellees' TCPA motion to dismiss, awarding fees and sanctions under the TCPA, and failing to address appellees' privilege and immunity arguments, which he argues were inapplicable.

*1. Applicable law*

The TCPA protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them. *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (citing TEX. CIV. PRAC. & REM. CODE § 27.001–.011).[2] Its purpose "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002.

Under the TCPA, a party may file a motion to dismiss a legal action "based on" or "in response to a party's exercise of the right to free speech, right to petition, or right of association . . . ." *Id.* § 27.003(a). A three-step decisional process follows. First, the trial court must dismiss the legal action "if the moving party demonstrates that the legal action is based on or is in response to: (1) the party's exercise of:

---

[2] The 2019 amendments to the TCPA took effect on September 1, 2019, and apply "only to an action filed on or after" that date, while "[a]n action filed before [that] date is governed by the law in effect immediately before that date." *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11–12, 2019 Tex. Gen. Laws 684, 687. Because Mishkoff filed his legal action on July 11, 2022, the 2019 amendments apply here.

(A) the right of free speech; (B) the right to petition; or (C) the right of association; or (2) the act of a party described by Section 27.010(b)." *Id.* § 27.005(c).

Second, the court "may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). This prima facie standard requires the nonmovant to bring forth "only the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (internal quotation marks omitted). Prima facie evidence is evidence that will suffice as proof of a fact in issue; "[i]n other words, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposite party." *Serafine v. Blunt*, 466 S.W.3d 352, 358 (Tex. App.—Austin 2015, no pet.).

Finally, the court must dismiss the legal action if the movant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." TEX. CIV. PRAC. & REM. CODE § 27.005(d).

"Legal action" under the TCPA "means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." *Id.* § 27.001(6). "Exercise of the right to petition" means, among other things, a communication in or pertaining to a judicial proceeding. *Id.* § 27.001(4). "'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual,

–7–

written, audiovisual, or electronic." *Id.* § 27.001(1).  Judicial proceeding means an actual, pending judicial proceeding.  *Levatino v. Apple Tree Cafe Touring, Inc.*, 486 S.W.3d 724, 728 (Tex. App.—Dallas 2016, pet. denied).  A communication "pertaining to" a judicial proceeding does not include anticipated or potential future judicial proceedings.  *Id.*  "To trigger the TCPA's protection, the 'legal action' must be factually predicated on the alleged conduct that falls within the scope of the TCPA's definition of the exercise of the right to petition."  *Sorkin v. P.T. Atlas Mfg., L.L.C.*, No. 05-21-00657-CV, 2022 WL 780444, at *3 (Tex. App.—Dallas Mar. 15, 2022, pet. denied) (mem. op.).

When the text of the TCPA dictates the outcome of a case, we review the trial court's ruling de novo.  *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019).  In our review, we consider "the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based."  TEX. CIV. PRAC. & REM. CODE § 27.006(a); *Dyer v. Medoc Health Services, LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied).

In construing the TCPA, we must determine and give effect to the Legislature's intent.  *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).  The best guide to what lawmakers intended is the enacted language of a statute, "which necessarily includes any enacted statements of policy or purpose."  *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018).  Moreover, we determine

–8–

legislative intent from considering an act as a whole rather than its parts in isolation. *City of San Antonio*, 111 S.W.3d at 25. We construe the statute's words "according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008) (citations omitted). We "may not judicially amend a statute by adding words that are not contained in the language of the statute." *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015).

*2. Analysis*

On appeal, Mishkoff does not challenge the TCPA's applicability, so we presume without deciding that appellees met their burden under step one to prove Mishkoff's libel claim is based on or in response to their exercise of the right to petition. *See Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 27 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

Furthermore, because we conclude below that appellees have established an affirmative defense to Mishkoff's libel claim as a matter of law, we need not determine whether he established a prima facie case for each element of his claim. *See Youngkin*, 546 S.W.3d at 681 (assuming without deciding nonmovant met his step-two burden in concluding movant was entitled to dismissal because he established an affirmative defense); *Rockman v. Ob Hospitalist Grp., Inc.*, No. 01-21-00383-CV, 2023 WL 3311548, at *14 (Tex. App.—Houston [1st Dist.] May 9, 2023, no pet.) (mem. op.) (same); *Sinkin & Barretto, P.L.L.C. v. Cohesion Props.*,

*Ltd.*, No. 04-20-00106-CV, 2021 WL 1649525, at *5 (Tex. App.—San Antonio Apr. 28, 2021, no pet.) (mem. op.) (same); *Watson v. Hardman*, 497 S.W.3d 601, 608–09 (Tex. App.—Dallas 2016, no pet.) (concluding TCPA movant established affirmative defense to defamation without first considering whether nonmovant met his step-two burden); *see also Temple v. Cortez Law Firm, PLLC*, 657 S.W.3d 337, 344–48 (Tex. App.—Dallas 2022, no pet.) (concluding legal action was exempt from TCPA without first deciding whether movant met step-one burden to show TCPA applied).

As noted above, appellees raised the judicial proceedings privilege as an affirmative defense in their answer and in their TCPA motion to dismiss. Under this privilege, communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made. *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46 (Tex. 2021). The judicial proceedings privilege is an absolute privilege that covers any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case.[3] *Id.* (citing *James v. Brown*, 637 S.W.2d 914, 916–17 (Tex. 1982) (per

---

[3] Given the facts of this case, we need not here discuss "other 'well-settled rules of law'" defining the privilege "which may extend in certain cases to communications that are preliminary to—and not simply made in—a judicial proceeding." *Marble Ridge Cap. LP v. Neiman Marcus Grp., Inc.*, 611 S.W.3d 113, 128–138 (Tex. App.—Dallas 2020, pet. dism'd) (discussing such rules and cases applying the privilege).

curiam)).  The privilege applies not only to libel and slander claims but can extend to other torts when the claims are based on an allegedly defamatory communication in a judicial proceeding.  *See Rose v. Wash*, No. 05-22-00289-CV, 2022 WL 17750750, at *5 (Tex. App.—Dallas Dec. 19, 2022, no pet.) (mem. op.).

Whether an allegedly defamatory communication is related to a judicial proceeding is a question of law, and we resolve all doubt in favor of the privilege. *Id.* (citing *Rossa v. Mahaffey*, 594 S.W.3d 618, 628 (Tex. App.—Eastland 2019, no pet.)). We consider the entire communication in its context and extend the privilege to statements bearing some relation to the judicial proceeding.  *Id.*

We conclude appellees have established the judicial proceedings privilege applies here and bars Mishkoff's libel claim.  *See* TEX. CIV. PRAC. & REM. CODE § 27.005(d).  With his claim, Mishkoff seeks to recover for an allegedly defamatory statement made in Bryant's counterclaim for trespass against Mishkoff.  Because this statement was made in a judicial proceeding—a pleading—it is absolutely privileged and cannot serve as the basis for Mishkoff's libel claim against appellees. *See Landry's*, 631 S.W.3d at 46 (privilege extends to counsel and parties); *Rose*, 2022 WL 17750750, at *5 (concluding defamation claim against party based on communications party made in affidavit in custody modification proceeding was barred by judicial proceedings privilege); *Watson*, 497 S.W.3d at 608–09 (concluding defamation claim based on statements made in rule 202 petition was barred by judicial proceedings privilege).

Despite the above, Mishkoff argues the judicial proceedings privilege does not apply because the statement in question was unrelated to the subject of the proceeding. He relies on *Jenevein v. Friedman*, 114 S.W.3d 743, 748 (Tex. App.— Dallas 2003, no pet.), where we concluded that an allegedly defamatory statement must bear "some relation" to the proceeding for the privilege to apply. We also clarified in that case that this "some relation" test "does not require that the defamatory statement meet technical relevance, materiality, or admissibility standards." *Id.* at 748–49. Here, the statement in question was made in a counterclaim for trespass and described Mishkoff's alleged conduct in trespassing on Bryant's property. There is no question the statement bore some relation to the trespass proceeding. We overrule Mishkoff's first issue.[4]

In his second issue, Mishkoff argues the trial court erred in awarding attorney's fees to appellees because they offered no evidence their fees "were actually incurred" within the meaning of § 27.009(a) and they failed to segregate time spent on issues unrelated to the TCPA. We review attorney's fees awards under the TCPA for abuse of discretion. *See Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). If the trial court orders dismissal of a legal action under the TCPA, the court shall award to the moving party court costs and reasonable attorney's fees

---

[4] We also overrule Mishkoff's third issue, where he seems to complain that the trial court erroneously failed to address appellees' privilege and immunity arguments. However, as explained above, appellees raised these affirmative defenses under step three of the TCPA, and the trial court disposed of the TCPA motion by granting it. Because of our conclusion on the judicial proceedings privilege, we need not reach the separate doctrine of attorney immunity. *See* TEX. R. APP. P. 47.1.

incurred in defending against the legal action. TEX. CIV. PRAC. & REM. CODE § 27.009(a)(1). Attorney's fees are incurred by a party if the party is "liable for payment" of the fees. *Cruz v. Van Sickle*, 452 S.W.3d 503, 522 (Tex. App.—Dallas 2014, pet. struck).

Appellees presented evidence of attorney's fees through the affidavit of J. Mitchell Little, who stated, among other things, that he and Scheef & Stone "were engaged in this matter on an hourly basis" and appellees "agreed to cover the cost of this litigation." Little described the hourly rates and hours spent on the case and attached to his affidavit the firm's billing record for the case, which described the various tasks performed, time expended, and rates charged.

Mishkoff relies on *Cruz*, 452 S.W.3d at 522, in arguing appellees did not incur any attorney's fees here. In that case, we concluded that defendants who were represented pro bono "did not incur attorney's fees under section 27.009(a)(1) because they did not at any time become liable for the attorney's fees set forth in the invoices." *Id.* Here, by contrast, nothing in the record suggests counsel for appellees provided pro bono representation; instead, Little stated he and the firm were engaged on an hourly basis and appellees agreed to cover the cost of litigation. Although there is some authority suggesting an attorney representing himself does not "incur" fees, and here, Garrett and Scheef & Stone represented themselves, *see Jackson v. State Off. of Admin. Hearings*, 351 S.W.3d 290, 299–300 (Tex. 2011) (concluding pro se attorney-litigant could not recover fees under government code statute

–13–

allowing recovery of attorney's fees "incurred" because attorney "did not incur attorney's fees as that term is used in its ordinary meaning because he did not at any time become liable for attorney's fees" in course of representing himself), nevertheless, they and Little also represented Bryant, who according to Little's affidavit agreed with the other appellees to pay attorney's fees and was thus liable for attorney's fees, *see McRay v. Dow Golub Remels & Gilbreath PLLC*, No. 01-21-00032-CV, 2022 WL 17981671, at *8 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. denied) (mem. op.) (concluding whether party paid invoices directly or insurer paid them does not alter fact that party incurred fees); *Mohamed v. Ctr. for Sec. Pol'y*, 554 S.W.3d 767, 779–80 (Tex. App.—Dallas 2018, pet. denied) (rejecting appellant's contention that law firm represented appellees pro bono when affidavit evidence showed defendants retained counsel at fixed hourly rates).

We also must reject Mishkoff's contention that appellees failed to segregate time spent on issues unrelated to the TCPA. A TCPA movant may recover fees incurred in defending against the legal action, not just fees incurred in prosecuting a TCPA motion. *See Cardio Grp., LLC v. Kring*, No. 05-22-00101-CV, 2022 WL 17817971, at *5–6 (Tex. App.—Dallas Dec. 20, 2022, no pet.) (mem. op.).

Finally, Mishkoff argues the award of sanctions was inappropriate "because the rationale of that award was not explained by the trial court, as required by the TCPA." However, § 27.007(a), which Mishkoff relies on, provides: "If the court awards sanctions under Section 27.009(b), the court shall issue findings regarding

–14–

whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and is brought for an improper purpose, including to harass or to cause unnecessary delay or to increase the cost of litigation." TEX. CIV. PRAC. & REM. CODE § 27.007(a). Because the trial court did not award sanctions under § 27.009(b)—it awarded sanctions under § 27.009(a)(2)—findings were not required by the Act; we reject Mishkoff's argument. Given all of the above, we conclude the trial court did not abuse its discretion in awarding appellees attorney's fees or sanctions. Mishkoff's second issue is overruled.

## B. Attorney disqualification

In Mishkoff's fourth issue, he argues the trial court abused its discretion by failing to disqualify appellees' counsel for violations of the disciplinary rules. He specifically relies on Texas Disciplinary Rule of Professional Conduct 3.08, which "prohibits the lawyer from acting as both an advocate and a witness in an adjudicatory proceeding." *See Chintam v. Chintam*, No. 05-22-00022-CV, 2023 WL 5345829, at *4 (Tex. App.—Dallas Aug. 21, 2023, no pet.) (mem. op.) (quoting *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (per curiam) (orig. proceeding)).

As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion and the trial court ruled on the request, objection, or motion, either expressly or implicitly or refused to rule on the request, objection, or motion, and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a). These

preservation requirements apply to complaints about a trial court's failure to disqualify a lawyer. *See Drum v. Calhoun*, 299 S.W.3d 360, 371 (Tex. App.—Dallas 2009, pet. denied) (when appellant did not bring complaint about conflict of interest to trial court's attention until after trial court signed order dismissing claims with prejudice, he failed to preserve his complaint for appellate review); *Fox v. Wardy*, 224 S.W.3d 300, 303 (Tex. App.—El Paso 2005, pet. denied) (concluding appellant failed to preserve disqualification issue for appellate review when he did not obtain a ruling on his motion to disqualify).

Nothing in the record indicates Mishkoff presented this complaint to the trial court. On the contrary, at the hearing on appellees' motion to dismiss, Mishkoff inquired about whether he would be able to call opposing counsel as witnesses and then explicitly disclaimed a disqualification complaint:

> MR. MISHKOFF: I'm planning to call Mr. Garrett as a witness in the case and then possibly the other S&S lawyers as well. I don't know who. They haven't gone into discovery yet. Is it acceptable in your court for any of the S&S lawyers to be both witnesses and attorneys representing other clients in the same case?
>
> THE COURT: That question is not before me. No one has filed any motion articulating any reason why they should be disqualified.
>
> MR. MISHKOFF: Well, I'm not asking them to be -- I'm not very clear on this. I'm sorry. I am not asking for them to be disqualified. I am perfectly happy with them doing that, unless I go to call them as a witness and have you say, no, they can't be a witness because they're also attorneys in the case. If you are saying that won't happen, then I have no problem with them being attorneys.

THE COURT: So I think what you are talking about is the sword and shield issue with assertions of privilege, and we will deal with those according to the law if and when they arise.

MR. MISHKOFF: Thank you.

Given this, we conclude Mishkoff has waived this complaint. *See* TEX. R. APP. P. 33.1(a); *Drum*, 299 S.W.3d at 371. Mishkoff's fourth issue is overruled.

### C. Recusals

Finally, Mishkoff argues he was deprived of a fair trial because two judges voluntarily recused themselves belatedly, leaving Judge Tucker a short period of time in which to decide appellees' motion to dismiss. We must reject Mishkoff's argument. Mishkoff never filed a motion to recuse any of the judges assigned this case. Texas Rule of Civil Procedure 18a requires a party to file a recusal motion ten days before the trial date or other hearing stating the grounds why the judge should not sit in the case. TEX. R. CIV. P. 18a. A party that fails to follow rule 18a's procedures waives the right to complain of a judge's failure to recuse himself or herself. *In re Marriage of Samford*, 173 S.W.3d 887, 890 (Tex. App.—Texarkana 2005, pet. denied). We conclude Mishkoff has waived any complaint about the timing of the voluntary recusals here.

Additionally, the trial court ruled on appellees' motion to dismiss within the time provided by statute. The trial court must rule on a TCPA motion not later than the thirtieth day following the date the hearing on the motion concludes. TEX. CIV. PRAC. & REM. CODE § 27.005(a). A hearing on the motion was held on August 25,

–17–

2022—within the ordinary timeframe of sixty days following service of the motion provided by statute. *See id.* § 27.004(a). The trial court therefore ruled on the motion within thirty days of the hearing when it granted the motion on September 23, 2022. We decline to address Mishkoff's speculations that the trial court did not have sufficient time to consider the parties' filings and arguments.

Finally, to the extent Mishkoff raises a constitutional complaint about the denial of a fair trial, we conclude he has inadequately briefed this complaint and thus waived it by failing to cite any pertinent authorities to support his argument. *See* TEX. R. APP. P. 38.1(i) (brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to the record); *Sutton v. Octapharma Plasma Inc.*, No. 05-20-00018-CV, 2022 WL 17883794, at *6 (Tex. App.—Dallas Dec. 23, 2022, pet. denied) (mem. op.) (party waives issue on appeal by failing to adequately brief complaint). Mishkoff's final issue is overruled.

### III. Conclusion

We affirm the order of the trial court.

221063f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE

–18–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HENRY MISHKOFF, Appellant

No. 05-22-01063-CV          V.

T. CHASE GARRETT, SCHEEF &
STONE, LLP, AND SONIA
BRYANT, Appellees

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-03472-
2022.
Opinion delivered by Justice
Molberg. Justices Pedersen, III and
Miskel participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees T. CHASE GARRETT, SCHEEF & STONE, LLP, and SONIA BRYANT recover their costs of this appeal from appellant HENRY MISHKOFF.

Judgment entered this 26th day of February, 2024.